**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER UBALDO HERNANDEZ ARIAS,<br><br>                    Petitioner,<br><br>        v.<br><br>FERETI SEMAIA,<br><br>                    Respondent. | Case No.  EDCV 26-3919-PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Javier Ubaldo Hernandez Arias ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Fereti Semaia, Facility Operator of the Adelanto ICE Processing Center on July 14, 2026.  (Pet., Dkt. No. 1).  The Petition states that Petitioner has been in immigration custody since February 2026.  (*Id.* at 2).[1]  Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California.  (*Id.*).   Petitioner alleges that his continued detention without a bond hearing violates 8 U.S.C. § 1226(a) (*id.* at 26–28), 8 U.S.C. § 1357(a) (*id.* at 29–32), substantive due process under the Fifth

---

[1]  For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF.  These numbers are printed in a blue ribbon at the top of each page filed on the docket.

Amendment (*id.* at 32–34), and procedural due process under the Fifth Amendment (*id.* at 34–37).  The Petition seeks relief in the form of an order requiring that Respondents release Petitioner among other things, or in the alternative provide Petitioner with a bond hearing. (*Id.* at 52).

Respondents filed their Answer on July 21, 2026 ("Answer").  (Dkt. No. 22). The Answer conceded that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[2]  (Dkt. No. 7 at 2).

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a);

---

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues.  If so, the parties shall submit a proposed briefing schedule.  If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: July 22, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3