**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAVIER UBALDO HERNANDEZ ARIAS,

Petitioner,

v.

FERETI SEMAIA,

Respondent.

Case No. EDCV 26-3919 PVC

**MEMORANDUM DECISION AND ORDER ORDERING A NEW BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE**

Pending before the Court is Petitioner's Motion to Enforce the Court's July 22 Order. (Dkt. No. 27). On July 22, 2026, the Court ordered Respondents within seven days to release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 23 at 2).[1] On July 29, 2026, Respondents filed a Notice of Compliance stating that Petitioner was granted a bond hearing scheduled for July 29, 2026. (Dkt. No. 25 at 2). On August 5, 2026, the parties filed a Joint Status Report stating that at the July 29 bond hearing, the Immigration Judge found that Petitioner posed a flight risk and denied bond. Petitioner stated that he intended to file a motion to enforce the July 22 order because the bond

[1] For ease of reference, when citing to the parties' submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

hearing "did not comply with legally mandated procedural requirements and due process." (Dkt. No. 26 at 2). The parties attached to their Joint Status Report a proposed briefing schedule for the remaining issue. (*Id.* at 4).

On August 6, 2026, Petitioner filed his Motion to Enforce. (Dkt. No. 27). Petitioner argued that the July 29, 2026 bond hearing was "procedurally deficient and violated his Fifth Amendment due process rights" (*id.* at 8) because the IJ placed the burden of proof on Petitioner (*id.* at 11), issued a decision unsupported by the record (*id.* at 14), failed to support her decision with an explanation (*id.*), and failed to consider alternatives to detention (*id.*). On August 11, 2026, pursuant to the parties' proposed briefing schedule, the Court ordered Respondents to file an Opposition no later than August 20, 2026. (Dkt. No. 29). Respondents did not file a timely Opposition. On August 26, 2026, Petitioner filed a Notice of Respondents' Non-Opposition to Petitioner's Motion to Enforce the Court's July 22 Order, noting Respondents' failure to file a timely Opposition to the Motion to Enforce and requesting that the Court grant the motion and order his immediate release. (Dkt. No. 30 at 2, 5). In the alternative, Petitioner requests that the Court order a new bond hearing and preside over it itself "to ensure that the hearing comports with the proper procedural requirements." (*Id.* at 5).

Because Respondents do not oppose the Motion to Enforce, its merits are conceded. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirements of opposition brief or statement of non-opposition).

Petitioner argues that immediate release is the appropriate remedy because Respondents failed to provide an appropriate hearing within the timeline required by the July 22 Order, Respondents provided a procedurally insufficient bond hearing, and Petitioner has outstanding due process claims from the initial habeas petition. (Dkt. No. 27 at 20–21). Petitioner argues that immediate release is the only appropriate remedy for the alleged due process violations. (*Id.* at 22). However, a post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings pursuant to § 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) ("§ 1226(a)'s procedures satisfy due process, both facially and as applied to [Petitioner]").

Alternatively, Petitioner requests that this Court hold the bond hearing itself. (Dkt. No. 27 at 23). Petitioner argues that "[t]he Executive Office for Immigration Review, which employs all IJs, is not a neutral arbiter and, consequently, IJs cannot provide a bond hearing that comports with due process." (*Id.*). But IJs routinely hold bond hearings in the first instance in compliance with due process, and Petitioner has not presented any persuasive argument or authority in this Circuit supporting his request that the Court depart from that practice here, and the Court finds no such authority. Therefore, the interim remedy of a bond hearing before an immigration judge is appropriate at this time.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a), with notice to Petitioner and his counsel, at which the government must bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk and at which the Immigration

Judge considers alternatives to detention and provides a written, reasoned explanation for their decision;

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: August 28, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE